**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**FELICIA BRANCH,**
**PLAINTIFF**

**v. CASE NO.: 4:26-CV-00535-JM**

**UNIVERSITY OF ARKANSAS AT LITTLE ROCK,**

**COLIN CRAWFORD,**
**in his individual and official capacities;**
**CHRISTINA S. DRALE,**
**in her individual and official capacities; and**
**TIM GRIFFIN,**
**in his individual capacity,**

**DEFENDANTS**

---

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT OUT OF TIME**

---

The Court granted Plaintiff leave to amend on September 2, 2026. ECF No. 19. Local Rule 5.5(e) required the amended pleading to be filed within seven days. It was not. Plaintiff files it now, together with her Motion, and respectfully asks the Court to accept it.

## I. RULE 6(b)(1)(B) SUPPLIES THE GOVERNING STANDARD.

Where a deadline has passed, the Court may extend it "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Local Rule 5.5(e) itself contemplates that the seven-day period applies "unless otherwise ordered by the Court."

"Excusable neglect" is not confined to circumstances outside a party's control. The Supreme Court has held that the inquiry "is at bottom an equitable one, taking account of all relevant

circumstances surrounding the party's omission," and identified four considerations: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Eighth Circuit has applied *Pioneer* to Rule 6(b), describing excusable neglect as an "elastic concept" that is "not limited strictly to omissions caused by circumstances beyond the control of the movant," and recognizing that courts may accept late filings caused by "inadvertence, mistake, or carelessness." *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993).

## II. THE EQUITIES FAVOR ACCEPTING THE FILING.

*Prejudice.* There is none. The pleading Plaintiff files today is the same document attached to her motion for leave on August 24, 2026, and available to Defendants on the docket since that date. ECF No. 17-1. Defendants have not merely had notice of it — they have briefed it in detail. ECF No. 21. No scheduling order has issued, no trial date is set, and no discovery has been taken. Defendants retain every defense they would have had if the pleading had been filed on September 9, 2026.

*Length of delay and impact.* The delay displaced no deadline and delayed no ruling. Defendants' own filing acknowledges that no response deadline has yet run. ECF No. 21 at 2 n.1.

*Reason for the delay.* The failure was inadvertent rather than strategic. Plaintiff sought leave, obtained it, and gained nothing from the delay.

*Good faith.* Plaintiff has met every other deadline in this case, including her oppositions to both motions to dismiss. She moved to correct this omission promptly upon recognizing it.

## III. DISMISSAL WOULD BE A DISPROPORTIONATE RESPONSE.

Defendants ask the Court to treat this omission as a basis for dismissing this case. ECF No. 21 § I. Their lead authority does not support that result. In *Powers v. St. Louis Typographical Union No. 8*, 549 F.2d 60 (8th Cir. 1977), the district court granted the plaintiffs leave to amend on April 9, 1976, and "[f]ive days later, before an amended complaint had been filed, the District Court granted the Union's motion to dismiss" — a motion already pending, decided on subject-matter-jurisdiction grounds, and resulting in a dismissal without prejudice. *Id.* at 61. The plaintiffs in *Powers* were not dismissed as a sanction for missing a filing deadline; the district court simply ruled on a motion that was before it. The Eighth Circuit then affirmed principally because the underlying controversy had become moot. *Id.* at 61–62. *Powers* does not hold that a plaintiff who files an amended complaint days late may have her case dismissed.

Defendants' remaining citation fares no better on their own description of it. They represent that *Fitzwater v. Ray*, 352 F. App'x 125 (8th Cir. 2009) (per curiam), found no abuse of discretion where a district court dismissed after the plaintiff disobeyed "an order directing them to file an amended complaint within fourteen days." ECF No. 21 at 4. No such order issued here. The seven-day period came from a local rule, not a court directive, and Rule 6(b)(1)(B) expressly authorizes the Court to extend it. Neither case addresses Rule 6(b)(1)(B) or the excusable-neglect standard at all.

Rule 6(b)(1)(B) exists precisely so that a curable, non-prejudicial oversight does not extinguish a claim on the merits.

## CONCLUSION

Plaintiff respectfully requests that the Court grant her leave to file the First Amended Complaint out of time and accept it as the operative pleading or, in the alternative, deem it filed as of September 2, 2026.

Dated: September 10, 2026

Respectfully submitted,

The Swanigan Firm
425 W. Capitol Ave #1533
Little Rock, Arkansas 72201
(866) 603-5239 — Phone
(501) 604-5700 — Fax
callthelawlady@outlook.com

/s/ Verona E. Swanigan
Verona E. Swanigan
State Bar No. 2017012

/s/ Pasquel Lee
Pasquel Lee, Esq.

Counsel for Plaintiff Felicia Branch

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Verona E. Swanigan
VERONA E. SWANIGAN